Filed 5/7/14  Marriage of Panzer CA2/ 7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| In re the Marriage of MICHIYO and ERNEST PANZER. | B245693 |
| | (Los Angeles County Super. Ct. No. KD080263) |
| ERNST K. PANZER, <br><br> Respondent, <br><br> v. <br><br> MICHIYO PANZER, <br><br> Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Don Christian, Temporary Judge.  Affirmed.

Michiyo Panzer, in pro. per., for Appellant.

Swati S. Desai and Nisha Dandekar, for Respondent.

———————————————

Appellant appeals the judgment entered in her marital dissolution proceeding, asserting breach of fiduciary duty by her former spouse, and alleging perjury and concealment of assets. Appellant's claims, however, find no support in the record. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant Michiyo Panzer and respondent Ernst Panzer were married for approximately thirty-five years before Ernst petitioned for dissolution of their marriage.[1] Prior to trial, the parties successfully resolved most of the issues, leaving for trial the disposition of the S-Corporation operated by Ernst during the marriage, the valuation of certain gold coins, and the disposition of other, more minor assets.

On the day trial was to commence, Michiyo, then representing herself, asserted that Ernst had hidden and failed to disclose assets, specifically profits from the corporation earned during the marriage. The court took testimony from both parties, received exhibits into evidence, and heard closing arguments from Michiyo and Ernst's counsel. In support of her claims of breach of fiduciary duty, Michiyo presented various checks written by Ernst, and the first page of a series of the couple's joint tax returns. She presented no other documentation of the claimed undisclosed profits, and the court found no violation of Family Code sections 721 or 1101. The court ordered the disposition of the remaining property; as to the corporation and the coins, the judgment required both to be appraised, sold, and the proceeds divided evenly between the parties. Michiyo timely appealed.

## DISCUSSION

The trial court made the required findings based on the evidence presented at the trial. We review those findings for substantial evidence, considering it in the light most favorable to the prevailing party, resolving all conflicts in favor of that party, and making

---

[1] Because the parties share the same last name, we will refer to them by their given names for convenience, and without intending any disrespect. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475-476, fn. 1*.)*

2

reasonable inferences to support the findings of the trial court. (*In re Marriage of Rossi* (2001) 90 Cal.App.4th 34, 40 (*Rossi*); *In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1521 [power of reviewing court to determine whether the record contains substantial evidence to support the result reached].)[2]

## A.  The Evidence at Trial

On appeal, Michiyo challenges the court's ruling in three areas: undisclosed income from the corporation, affecting its valuation; misappropriation of funds by Ernst to purchase property in Borrego Springs; and inflated credit card balances in the community credit cards. The evidence as to each issue was limited, and insufficient.

### 1. The S-Corporation

As to the corporate income, the only evidence presented at trial to demonstrate the non-disclosure were tax returns, filed jointly, and signed by both parties.  Michiyo represented to the court, prior to testifying, that the income tax filings would be her only proof.  She calculated the undisclosed income based on an entry on each of the returns, reporting the income; all that her testimony established, however, was that the first pages of the parties' joint tax returns showed the yearly profit for the S corporation. Michiyo explained that, during marriage, Ernst had described those sums as "It's just a figure, and there is no profit at all."  However, she did not dispute that her own exhibits demonstrated that the amounts in question were reported as income, on tax returns that she signed.  Ernst denied any misappropriation.

With respect to the current valuation of the corporation, the parties appear to have stipulated, in a document not included in the record presented to this court, to an independent broker valuing and attempting to sell the business.  The court ordered this after trial, and ordered that the proceeds be divided evenly.  The court also retained jurisdiction over this issue.

---

2       While we review for substantial evidence, where, as here, "the issue on appeal turns on a failure of proof at trial," the test is more precisely described as whether the evidence compels a finding in favor of appellant as a matter of law.  (See *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

3

*2.The Borrego Springs Property*

The date of separation was July 1, 2010. The marital home was sold in October of that year. A $60,000 corporate check dated September 14, 2010, was used for Ernst's purchase of property in Borrego Springs. Ernst took the position that he used the proceeds of the sale of the family home for this purchase, and Michiyo presented no evidence other than the check, contained in the exhibits, and Ernst's own testimony. There was no testimony establishing that the funds were not post-separation funds.

*3. The Credit Card Balances*

Ernst testified that, as of the date of separation, there was a balance of $15,957 on an American Express card used by the community and of approximately $7,000 on a community Capital One card. He admitted, on cross-examination, that he had no receipts for the charges made. Michiyo presented no evidence concerning these balances.

## B. Michiyo Failed to Demonstrate Non-Disclosure of Assets

Family Code section 721[3] imposes on spouses a mutual fiduciary duty, which includes the duty to disclose assets: "This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other. This confidential relationship is a fiduciary relationship subject to the same rights and duties of nonmarital business partners. . . ." Section 1101 provides remedies for breach of that fiduciary duty. (§ 1101, subd. (h).)

Michiyo bases her arguments on appeal on two cases. In each of those cases, *Rossi*, and *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470 (*Feldman*), the court awarded sanctions for non-disclosure. However, in each of those cases, the party seeking relief made a significant factual showing, absent here, to justify that relief.

In *Rossi,* wife discovered she had won the lottery, filed for dissolution after learning of her success, consulted with the lottery commission to determine how she could avoid sharing proceeds with her husband, and used a different address for communications concerning the winnings. She failed to disclose her winnings to her

---

[3] All further references, unless otherwise noted, are to the Family Code.

4

husband at the time she received them, or at any time during the dissolution proceedings. (*Rossi, supra,* 90 Cal.App.4th at p. 41.) Under those circumstances, the court found that section 721 had been violated and awarded relief under section 1100.

In *Feldman*, the court awarded sanctions under a different provision of the Family Code. Nonetheless, the factual support for the finding of non-disclosure was strong: husband failed to disclose an asset valued at one million dollars; the loan incurred to purchase that asset; or any documents pertaining to the transactions. Moreover, when asked, he affirmatively denied the existence of the loan. (*Feldman*, *supra*, 153 Cal.App.4th at p. 1482.) Husband further failed to disclose his purchase of a multi-million dollar home, a 401(k) account, and the existence of new business entities. (*Id.* at pp. 1483-1490.)

The circumstances here are vastly different. The evidence in this record establishes no hidden assets, or other breach of duty. Michiyo's primary concern appears to be the valuation of the corporation; under her stipulation, and the judgment, that valuation remains pending and subject to the continuing jurisdiction of the trial court. If there are issues with respect to that sale, her remedy has been preserved by the judgment.

## DISPOSITION

The judgment is affirmed. Respondent is to recover his costs on appeal.


ZELON, J.


We concur:



PERLUSS, P. J.                    SEGAL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5